IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AVIS RENT A CAR SYSTEM, LLC

        Plaintiff,                       Civil Action No. 2:20-cv-00430

Vs.

LAUREN KAUFMAN, CHE LARK and
JAMES D. ROSS, ADMINISTRATOR OF
THE ESTATE OF HEATHER ROSS,

        Defendant

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Avis Rent A Car Systems, LLC, by and through its attorneys, ZIMMER KUNZ, PLLC, Sharon Z. Hall, Esquire, pursuant to Rule 57 of the Federal Rules of Civil Procedure, and W.Va. Code §55-13-1 et seq., which for its Complaint for Declaratory Relief states as follows:

### Jurisdiction

1.     Avis Rent A Car System, LLC is a Delaware chartered member managed limited liability corporation, which is managed by members who are citizens of the state of New Jersey.

2.     PV Holding Corp., is the parent corporation of Avis Rent A Car System, LLC, and is a Delaware chartered member managed limited liability corporation, which is managed by members who are citizens of the state of New Jersey.

3.     Lauren Kaufman is a citizen of the state of West Virginia.

4.     Che Dushon Lark is a citizen of the state of West Virginia.

5.     James D. Ross, Administrator of the Estate of Heather Ross, is a citizen of the

state of West Virginia.

6. James D. Ross, through counsel, has asserted a claim for wrongful death against the parties herein, arising out of the death of Heather Ross.

7. Plaintiff seeks a declaration that it has no duty to defend, or to indemnify Lauren Kaufman for damages as may be awarded in any suit filed or to be filed by the estate of Heather Ross.

8. Plaintiff seeks a declaration that it has no duty to defend, or to indemnify Che Dushon Lark for damages as may be awarded in any suit filed or to be filed arising out of the death of Heather Ross.

9. The transactions giving rise to this Complaint for Declaratory Relief occurred in Kanawha County, the Southern District of West Virginia.

10. This Court has venue and jurisdiction over this matter pursuant to 28 U.S.C. § 2201, based upon complete diversity of citizenship between the parties, and an amount in controversy in excess of $75,000.

**Factual Background**

11. Lauren Kaufman, an adult individual residing in Kanawha County, WV, rented a Volkswagen Jetta ("the Avis vehicle") from the Plaintiff rental car company at the rental location in Charleston, West Virginia on February 29, 2020. A copy of the rental agreement is attached hereto as Exhibit 1.

12. Ms. Kaufman presented a valid driver's license and, in exchange for temporary possession and use of the vehicle, agreed to the terms and conditions set forth in the rental car agreement and "jacket". See Exhibit 1, rental contract; and Exhibit 2 Avis jacket.

13. Ms. Kaufman did not designate any additional drivers for the rental vehicle. Additional driver elections, Exhibit 3.

14. The period of rental was from February 29, 2020 to March 6, 2020, with the vehicle to be returned on March 6, 2020 by 11:05 a.m. Exhibit 1.

15. Ms. Kaufman paid $473.22 for use of the rental car for the rental period and was afforded state minimum limits of liability insurance for bodily injuries caused by *her* operation of the rental vehicle. Exhibit 2.

16. Ms. Kaufman declined the additional liability coverage.

17. Upon information and belief, on March 6, 2020, the agreed upon date for return of the Avis vehicle, defendant Che Dushon Lark was operating the Avis vehicle when he was pulled over and detained by law enforcement in Charleston, West Virginia for possession of controlled substances.

18. At the time of his detainment, Mr. Lark was driving the rental vehicle and was the only occupant of the car.

19. Upon information and belief, Mr. Lark fled the scene in the rental vehicle while being pursued by law enforcement in police vehicles. Shortly thereafter, Mr. Lark hit a pedestrian, Heather Ross, but continued driving and is still at large.

20. Upon information and belief, Ms. Ross subsequently died from her injuries.

21. At no time did renter/Defendant Lauren Kaufman advise Plaintiff Avis that Che Dushon Lark, or any other person, would be driving the subject vehicle.

22. Upon information and belief, Ms. Kaufman has no automobile insurance of her own.

## The Rental Contract

23.     At the time of her rental, Ms. Kaufman entered into a rental contract consisting of the rental agreement and the Avis "jacket" containing the terms and conditions of the rental and which provides, in pertinent part:

> **5. Who May Drive the Car.** You represent that you are a capable and validly licensed driver. Except where otherwise specifically authorized by applicable law, only you, your spouse or domestic partner, or, if you rent from us under your employer's corporate account agreement, your employer or a regular fellow employee incidental to business duties may drive the car, but only with your prior permission. The other driver must be at least 25 years old and must be a capable and validly licensed driver. There may be a charge for each additional driver authorized to drive the car, which charge is specified on the rental document.
>
> **14. Prohibited Use of the Car.** Certain uses of the car and certain things that you or a driver may do, or failed to do, will violate this agreement. **A VIOLATION OF THIS PARAGRAPH, WILL AUTOMATICALLY TERMINATE YOUR RENTAL and IS AN EXCLUSION TO AND VOIDS ALL LIABILITY PROTECTION AND ANY OPTIONAL PRODUCTS SERVICES THAT YOU HAVE ACCEPTED, INCLUDING BUT NOT LIMITED TO ADDITIONAL LIABILITY INSURANCE, PERSONAL ACCIDENT INSURANCE, PERSONAL EFFECTS PROTECTION, EXTENDED ROADSIDE ASSISTANCE, AND LOSS DAMAGE WAIVER OR PARTIAL DAMAGE WAIVER. IT ALSO MAKES YOU LIABLE TO US FOR ALL OF THE PENALTIES, FINES, FORFEITURES, LIENS AND RECOVERY AND STORAGE COSTS, INCLUDING ALL RELATED LEGAL EXPENSES, FEES AND COSTS WE MAY INCUR. It is a violation of this paragraph if: A. You use or permit the car to be used; 1) by anyone other than the authorized driver, as defined in paragraph 5; 2) to carry passengers or property for hire; 3) to tow or push anything; 4) to be operated in a test, race or contest or on unpaved roads; 5) while the driver is under the influence of alcohol or a controlled substance; 6) for conduct that could properly be charged as a felony or misdemeanor; including the transportation of a controlled substance or contraband; 7) reckless or while overloaded; 8) if the car is driven into Mexico without our expressed permission.**
>
> **22. Liability protection.** Anyone driving the car who is permitted to drive it by this agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the authorized driver and/or the renter up to the minimum financial responsibility limits required by the law of the jurisdiction in which the accident occurs. The limit for bodily injury sustained by any one person includes any claim for loss of that person's

consortium or services. Where the law extends this protection to a non-permitted driver, the same limits will apply. **Except where required by law to be primary or excess, any protection provided by us shall be secondary to, and not in excess of, any applicable insurance available to you, or any other driver, from any other source, whether primary, excess, secondary or contingent in any way.** If this protection is extended by operation of law to anyone not permitted by this agreement to drive the car, or to any person or instance where coverage is not intended to be afforded by this agreement, the financial responsibility limits of the jurisdiction in which the accident occurs will apply. You agree that we can provide coverage under a certificate of self-insurance or an insurance policy, as we choose. In any case, a copy of the policy and/or certificate will be available for your inspection at our main office. You understand that unless required by applicable law, we will not provide (a) coverage for fines, penalties, punitive or exemplary damages; (b) coverage for bodily injury to you, or your death while not a driver, or any member of your family or the driver's family members related by blood, marriage or adoption residing with you or them, or the drivers family, or to a fellow employee arising out of or in the course of employment; (c) defense against any claim, unless we are required to provide primary protection, but in such event not after the applicable limits of protection that we furnish are tendered; (d) supplementary no fault, noncompulsory uninsured or under-insured motorist coverage, and any other optional or rejectable coverage, and you and we reject all such coverages to the extent permitted by law. Where any of these coverages are required or implied by law, the limits shall be the minimum required under applicable statute. Where permitted by law, you are rejecting uninsured or underinsured motorist and all optional automobile insurance coverages and under any policy of insurance or certificate of self-insurance in connection with this agreement, for you and all other passengers in the car.

**24. Indemnification of Waiver.** You shall defend, indemnify, and hold us, our parent and affiliated companies harmless from all losses, liabilities, damages, injuries, claims, demands, awards, costs, attorney fees, and other expenses incurred by us in any manner from this rental transaction or from the use of the car by you or any person, including claims of, or liabilities to, third parties. You may present a claim to your insurance carrier for such events or losses; but in any event, you shall have final responsibility to us for all such losses. You waive any claim against us for incidental, special or consequential damages in connection with the rental. If the rental takes place at a location operated by an Avis System Licensee and a claim relating to this transaction is made against Avis Rent A Car System, LLC, or it's affiliates, that alleges, unfair, deceptive or unconscionable conduct that renting Avis licensee agrees to indemnify and hold Avis Rent A Car System, LLC, and it's affiliates, harmless from and against such claim, including the related costs and expenses.

### COUNT I – DECLARATORY RELIEF

24. There exists an actual controversy between Avis Rental and Lauren Kaufman, Che Dushon Lark and the Estate of Heather Ross within the jurisdiction of this Court and involving rights and liabilities under the rental contract, which controversy may be determined by judgment of this court, without other litigation.

### A. Liability Coverage is not afforded under the contract because Che Lark was not an authorized driver

25. Lauren Kaufman had the opportunity at the time she entered into the rental contract to designate authorized drivers, was apprised of this right, and declined to do so.

26. Accordingly, Avis did not have the opportunity to investigate Che Dushon Lark to determine if driving privileges would be afforded and was not provided an opportunity to assess any additional rental charges for his use, rights which were provided per the contract. Exhibit 2.

27. Upon information and belief, Che Dushon Lark had a driving history and criminal record which would have precluded his approval as an authorized driver of the Avis vehicle.

28. Without notice and authorization to the Plaintiff rental company, no one was authorized to drive the rental car except Lauren Kaufman.

29. No liability coverage is afforded to Mr. Lark as an unauthorized driver or Ms. Kaufman, who was not driving, for Mr. Lark's operation of the rental vehicle without authorization, pursuant to Section 14(a)(1) of the rental contract.

### B. The conduct of Lark voids the liability protection of the rental contract pursuant to Subsection 14(a)(6)

30. Subsection 14(a)(6) of the rental contract voids all liability coverage when the driver is engaged in conduct which could properly be charged as a felony or misdemeanor; including the transportation of a controlled substance or contraband. Exhibit 2, subsection 14(a)(6)).

31. Upon information and belief, driver Che Dushon Lark was transporting illegal contraband in the rental vehicle at the time the accident occurred and thereafter fled the scene in an attempt to avoid arrest, during which time he drove recklessly and hit Heather Ross, causing her death; which also constitutes felonious conduct in the state of West Virginia. W.Va. Code 61-5-17(i).

32. As such, liability coverage is void per Subsection 14(a)(6) for conduct qualifying as felonious in the state of West Virginia.

33. Liability coverage is void per Subsection 14(a)(6) of the policy for the accident involving Heather Ross.

### C. The conduct of Lark voids the liability protection of the rental contract pursuant to Subsection 14(a)(7)

34. Subsection 14(a)(7) voids all liability coverage when the driver is driving reckless or overloaded.

35. Upon information and belief, Che Lark, an unauthorized driver of the rental car, drove recklessly through a residential neighborhood in an effort to evade arrest and was driving recklessly when the accident occurred.

36. As such, Lark's reckless conduct voids all liability coverage pursuant to Subsection 14(a)(7).

### D. In the alternative, coverage is limited to state minimum limits

37. The rental contract provides, in pertinent part, "Where any of these coverages are required or implied by law, the limits shall be the minimum required under applicable statute." Exhibit 2.

38. While liability for Che Dushon Lark and his conduct is void per the unambiguous terms of the rental policy, including that Lark was not an authorized user, and such denial is supported by West Virginia law, should the Court find coverage afforded to Lark, per the contract, coverage is limited to state minimum limits of $25,000 per injury/$50,000 per accident and $25,000 for property damage.

### E. The policy does not provide a defense for any litigation resulting from the accident to the renter or the unauthorized driver

39. Section of the 22 rental agreement provides, in pertinent part:

> You understand that unless required by applicable law, we will not provide;
> (c) defense against any claim, unless we are required to provide primary protection, but in such event not after the applicable limits of protection that we furnish are tendered;

40. As clearly set forth, no defense is owed under the policy to Defendants Lark or Kaufman.

41. Moreover, if required to tender state minimum limits, no defense is owed under the contract after the tendering of the limits.

WHEREFORE, Avis Rent A Car System, LLC prays:

a. That this Court determine and adjudicate the rights and liabilities of Plaintiffs and Lauren Kaufman, Che Dushon Lark and James D. Ross, Administrator of the estate of Heather Ross, as it relates to the Avis rental agreement and the subsequent accident; and

b. That this Court find and declare that Plaintiff is under no duty or obligation, under the terms and conditions of the rental contract, to provide liability coverage or defend and indemnify Lauren Kaufman or Che Lark relating to any action brought against them

arising out of or related to the motor vehicle accident of March 6, 2020 resulting in bodily injuries and death to Heather Ross.

c. Alternately, should the Court find that Plaintiff must pay the mandatory state minimum to James D. Ross, Administrator of the Estate of Heather Ross, Plaintiff requests the Court's determination that no further indemnity is owed for Lauren Kaufman and/or Che Dushon Lark arising from the motor vehicle accident of March 6, 2020 resulting in bodily injuries and death to Heather Ross.

Respectfully submitted,

AVIS RENT A CAR SYSTEM, LLC

By: _____

Sharon Z. Hall, Esquire
W.Va. I.D. 9286
ZIMMER KUNZ, PLLC

243 Three Springs Drive
Suite 14A
Weirton, WV 26062
(304)292-8531
*Counsel for Avis Rent a Car System, LLC*